An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

RICKELL WILLIAMS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60303

**FILED**

FEB 14 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER AFFIRMING IN PART, VACATING IN PART, AND REMANDING

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant Rickell Williams contends that the district court erred at sentencing by considering a statement in the presentence investigation report (PSI) that Williams minimized his culpability and expressed no remorse. The State concedes, and we agree, that the district court is prohibited from considering a defendant's lack of remorse where, as here, he has maintained his innocence at trial. See Brake v. State, 113 Nev. 579, 585, 939 P.3d 1029, 1033 (1997). Therefore, the district court erred by failing to sustain Williams' objection and strike the challenged statement from the PSI.[1] Nevertheless, we conclude that the error was harmless beyond a reasonable doubt because it does not appear that the district court relied upon the statement when imposing Williams'

_____

[1]Williams did not ask this court to order the district court to correct the PSI. See Stockmeier v. State, Bd. of Parole Comm'rs, 127 Nev. ___, ___, 255 P.3d 209, 214 (2011).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04791

sentence. See Valdez v. State, 124 Nev. 1172, 1189, 196 P.3d 465, 476 (2008); Brake, 113 Nev. at 585, 939 P.2d at 1033.

Williams also contends that the district court abused its discretion in its determination of the restitution award. We agree. A district court must rely on reliable and accurate information in calculating a restitution award and its determination will not be disturbed absent an abuse of discretion. See Martinez v. State, 115 Nev. 9, 12-13, 974 P.2d 133, 135 (1999). Here, Williams objected during the sentencing hearing and argued that "there is no documentation to prove" the $2563 restitution award. Our review of the record reveals that the only evidence provided at sentencing regarding the restitution amount was the victim's testimony that he "got shots for [his injury] at St. Mary's" and a statement in the presentence investigation report that Victims of Crime reported paying $2563 to the victim for medical and moving expenses. This information is not a sufficient factual basis upon which to base a restitution award. Therefore, we conclude that the district court abused its discretion by awarding restitution without sufficient evidence, see id., and we vacate the restitution award and remand this matter to the district court with instructions to conduct a restitution hearing. Accordingly, we

ORDER the judgment of conviction AFFIRMED IN PART AND VACATED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Jerome Polaha, District Judge
Washoe County Public Defender
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk